ACCEPTED
14-14-00683-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
11/19/2015 10:56:01 PM
CHRISTOPHER PRINE
CLERK

No. 14-14-00683-CV

IN THE COURT OF APPEALS
FOR THE FOURTEENTH DISTRICT OF TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
11/19/2015 10:56:01 PM
CHRISTOPHER A. PRINE
Clerk

FREDERIC SCOTT DEAVER,

Appellant,

vs.

RIDDHI DESAI
and
SHILPI P. DESAI,

Appellees.

Appeal from the
295th Judicial District Court, Harris County, Texas

**APPELLANT'S RESPONSE TO APPELLEES'
JOINT MOTION FOR REHEARING**

FREDERIC SCOTT DEAVER
Pro Se Litigant - Appellant
scottdeaver@viewsender.com
5042 Wilshire Blvd. #35745
Los Angeles, California 90036
Telephone: (832) 889-5089

# TABLE OF CONTENTS

APPELLANT'S RESPONSE TO APPELLEES' JOINT MOTION FOR REHEARING......................................................................................................3

    I. As to Appellees Section II.2................................................…….....3
    II. As to Appellee's Section II.2.i…………..…..................................4
    III. As to Appellee's Section II.2.ii…………......…………………....7
    IV. As to Appellee's Section II.2.iii........................................................8
    V. As to Appellee's Section II.2.iv........................................................9

PRAYER FOR RELIEF……………………………..…............................9

EXHIBIT A………………………………………………….....11

CERTIFICATE OF COMPLIANCE……………………………………….63

VERIFICATION…………………………………………………....64

CERTIFICATE OF SERVICE……………………………………………..65

No. 14-14-00683-CV

IN THE COURT OF APPEALS
FOR THE FOURTEENTH DISTRICT OF TEXAS


FREDERIC SCOTT DEAVER,

Appellant,

vs.

RIDDHI DESAI
and
SHILPI P. DESAI,

Appellees.


Appeal from the
295th Judicial District Court, Harris County, Texas


## APPELLANT'S RESPONSE TO APPELLEES' JOINT MOTION FOR REHEARING

TO THE HONORABLE COURT OF APPEALS:

Appellant Frederic Scott Deaver (hereinafter, "Appellant") submits his response to Appellee's Joint Motion for Rehearing in the referenced proceedings.

### I.    As to Appellees Section II.2.

A link referencing a website no more re-publishes or changes that website than does a modern publication's quote of Dickens re-publishes or changes "A Tale of Two Cities". No changes whatsoever have occurred since August 2011 to the specific website at

http://www.viewsender.com/yijianhistory/oldbabystealerwebsite/riddhidesai/Riddh iDesai.htm, the website to which Appellees themselves limited the complaint that is the subject of this appeal. As a side note, the "re-publishing" Appellees are alleging would have occurred after the passing of the Defamation Mitigation Act, which has explicit requirements regarding the mitigation of a complaint to which the Appellees have not adhered. Though not competent at legal matters, Appellant understands that the questions related to statutes of limitations are two: "When did either of the Appellees learn of published material they deem offensive?" and "After discovery, did their actions to recover alleged damages fall within a reasonable time period afterwards?" If that's a fair assessment, then when any other individual made, or could have made, such a discovery is irrelevant – they are not suing, and presumably didn't take offense. Only the Appellees' discovery and when they finally did something about the discovery matter. Appellant therefore sees at minimum no logical value to any of Appellee's arguments in their motion for re-hearing, and by extension doesn't understand how there could be any legal value to them.

## II.    As to Appellee's Section II.2.i.

The issue of Appellant having requested permission in writing from the 295th District Court back on May 24, 2014 to record audio in the courtroom to compensate for his hearing and memory losses was brought to this Appellate

Court's attention by Appellant himself in his filing with this Appellate Court on or about February 7, 2015 entitled "Appellant's Response". Additionally, Appellant filed with the 295th District Court on August 24, 2014 a document entitled "Motion for Recusal for Cause" describing in great detail the circumstances of the audio recording and a kangaroo court proceeding conducted by Judge Caroline E. Baker and Riddhi Desai based upon it in the purposefully-engineered absence of Appellant during the Appellate Court's ordered abatement period following Appellant's original notice of appeal. See EXHIBIT A. If the Appellate Court feels it necessary, Appellant respectfully requests the Appellate Court review those submissions and their attachments.

In summary, the basis for that kangaroo court proceeding was a request to record audio in the lower court made by letter by Appellant on May 24, 2014 to both the 295th District Court and the Harris County District Clerk to reserve his Americans with Disabilities Act of 1990 rights to use audio recordings of courtroom testimony to compensate for Appellant's hearing and memory losses. Neither the 295th District Court nor the District Clerk responded positively or negatively to the letter, and Appellant's first appearance before the 295th District Court did not occur until August 4, 2014, at which time he exercised his presumed right to record the proceedings on a device specifically and obviously designed for audio recording in full view of the Judge, the bailiff, the court stenographer, and

other court personnel. There was nothing "covert" about the recording – Appellant openly tested that the recording device was working properly in full view of all of the participants, and he had no reason to believe he did not have approval to record the session. There were at that time no postings in the courtroom inhibiting audio recording, none of the parties had requested the record be sealed.

After the hearing, Appellant openly posted, because he had no reason to believe he could not do so, the audio recording to an online journal he was keeping at http://www.viewsender.com/IdentityTheftByLawyer/default.html. That web page is at a completely different Internet address from the only web address complained of by Appellees in their original complaint, which was http://www.viewsender.com/yijianhistory/oldbabystealerwebsite/riddhidesai/Riddh iDesai.htm. Even a cursory glance at the two websites reveals they have completely different content and subject matter – one website is devoted to the court process itself and events occurring since the April, 2014 filing of Appellees' original suit, and the other website chronicles the identity thefts and other crimes committed by Riddhi and Shilpi Desai specifically in the period between September, 2008 and August, 2011.

Appellant believes and can support the assertion that Appellees are deliberately attempting to deceive and confuse the Appellate Court by lumping in everything on the Internet they don't like, much of it written and/or maintained by

persons other than Appellant, and labeling it as part of Appellant's website at

http://www.viewsender.com/yijianhistory/oldbabystealerwebsite/riddhidesai/Riddh iDesai.htm.

There is no general order of censorship or any court order in force prohibiting Appellant's mounting of other websites concerning other subject matter, and should Appellees wish to continue harassing Appellant about his exercise of free speech on matters of public import, Appellees' right to redress are described in specificity in the Defamation Mitigation Act. None of these matters are pertinent to the specific matter appealed to this Court, which was restricted by Appellees' own hand to the website at

http://www.viewsender.com/yijianhistory/oldbabystealerwebsite/riddhidesai/Riddh iDesai.htm which has remained unchanged since August, 2011. The fact remains that Appellees became generally aware of the specific website of which they have complained in 2008, and have been aware of its present form since August, 2011. As noted by the Appellate Court in its rendered opinion, the statute of limitations begins running when the Appellees' first became aware of the material. As noted previously, the "re-publishing" Appellees are alleging would have occurred after the passing of the Defamation Mitigation Act, which has explicit requirements regarding the mitigation of a complaint to which the Appellees have not adhered.

### III.    As to Appellee's Section II.2.ii.

The idea that a reference to a website in a separate letter to public officials "republishes" that website is ludicrous on its face. By that convoluted and incestuous logic, the references to the website in this very court proceeding would "republish" the website. The fact remains that Appellees became generally aware of the specific website of which they have complained in 2008, and have been aware of its present form since August, 2011. As noted by the Appellate Court in its rendered opinion, the statute of limitations begins running when the Appellees' first became aware of the material. Again, the "re-publishing" Appellees are alleging would have occurred after the passing of the Defamation Mitigation Act, which has explicit requirements regarding the mitigation of a complaint to which the Appellees have not adhered.

## IV.    As to Appellee's Section II.2.iii.

As with the paragraph above, the idea that a reference to a website in a separate website maintained and edited by someone else "republishes" that website is ludicrous on its face. The fact remains that Appellees became generally aware of the specific website of which they have complained in 2008, and have been aware of its present form since August, 2011. As noted by the Appellate Court in its rendered opinion, the statute of limitations begins running when the Appellees' first became aware of the material. Again, the "re-publishing" Appellees are

alleging would have occurred after the passing of the Defamation Mitigation Act, which has explicit requirements regarding the mitigation of a complaint to which the Appellees have not adhered.

## V.     As to Appellee's Section II.2.iv.

There is nothing about this section of Appellees' motion for rehearing that makes any sense whatsoever. The statement admits that the website created was another website, not the one which is the subject of this appeal, and again makes the same convoluted "republish" argument. As noted in the by the Appellate Court in its rendered opinion, the statute of limitations begins running when the Appellees' first became aware of the material, unless and until Appellees can show there have been significant and meaningful changes to that content, which they can't and haven't. Again, the "re-publishing" Appellees are alleging would have occurred after the passing of the Defamation Mitigation Act, which has explicit requirements regarding the mitigation of a complaint to which the Appellees have not adhered.

## PRAYER FOR RELIEF

Appellees' arguments are intentionally deceptive, further delay these proceedings in violation of the TCPA's stated goal of expediting interlocutory appeals, and are frivolous in nature. Appellant respectfully requests that Appellees'

motion be denied, and that penalties be imposed upon Appellees as deemed lawful

and appropriate by the Appellate Court.

Respectfully submitted,

By: _____

scottdeaver@viewsender.com
5042 Wilshire Blvd. #35745
Los Angeles, California 90036
Telephone: (832) 889-5089

| | | |
|---|---|---|
| **RIDDHI DESAI** | § | **IN THE DISTRICT COURT OF** |
| **SHILPI PANKAJ DESAI,** | § | |
| **Plaintiffs** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **-V-** | § | |
| | § | |
| **FREDERIC SCOTT DEAVER** | § | **295th JUDICIAL DISTRICT** |
| **Defendant** | § | |

## MOTION FOR RECUSAL FOR CAUSE

TO THE HONORABLE DISTRICT COURT JUDGE:

NOW COMES Defendant, Frederic Scott Deaver, and respectfully requests that the Court immediately recuse Judge Caroline E. Baker for cause.

## I.
## CRIMINAL ACTS AND DERELICTIONS OF DUTY

Defendant makes the following allegations, including the following deliberate criminal acts and derelictions of duty, against Judge Caroline E. Baker:

1. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, deliberately interfering with Defendant's Constitutional right to due process by removing from, causing to be removed from, ordering to be removed from, or causing not to be entered into the Judgments/Events tab of the Office of Harris County District Clerk's Search application database any reference to any order, setting of hearing, or other document of any kind for any portion of the period August 15, 2014 through August 21, 2014 as shown in Exhibit A appended to this motion;

2. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, deliberately interfering with Defendant's Constitutional right to due process by concealing, causing to be concealed, ordering to be concealed, or causing to be entered improperly into the Images tab of the Office of Harris County District Clerk's Search application database any access to the true contents of the image identified as 62029407 and dated 8/19/2014 as shown in Exhibit B appended to this motion;

3. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, deliberately interfering with Defendant's Constitutional right to due process by inserting, causing to be inserted, ordering to be inserted, or allowing to be inserted by any person a single sheet of paper containing only a Notice of Hearing for Temporary Injunctions dated September 25, 2014 into a US Post Office Delivery Confirmation envelope number 0307 0020 0003 5580 3695, having that envelope delivered to Defendant, and falsely characterizing that delivery as legal service of notice of a different hearing, for the purpose of denying knowledge to Defendant of that different hearing in which it was Judge Caroline E. Baker's intent to deprive Defendant and Defendant's daughter due process, freedom of speech, personal liberty, or freedom of association between Defendant and any other party, including Defendant's daughter;

4. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, previously permitting without scheduling a hearing on requested sanctions the exact same behaviors by Riddhi Desai with respect to false document mailings, when Riddhi Desai expressly left out of a mailing a document she

sent to a public server that illegally published yet again Defendant's driver's license number and Defendant's daughter's Social Security, both felonies (see appended Motion for Sanctions);

5. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, previously permitting without addressing discipline fopr Riddhi Desai, the exact same behaviors by Riddhi Desai with respect to false document service, when Riddhi Desai provided addresses she knew to be invalid to the process server for her original petition in the hopes Defendant would not be served and therefore would not answer;

6. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, intentionally creating and manipulating through one or more of the acts enumerated above a situation where Defendant and Defendant's daughter could be deprived of free speech and prior restraint of free speech invoked, in violation of both the U.S. and Texas Constitutions, under cover of the Court's unconstrained powers authorized when contempt is shown for the Court, knowing full well no such contempt has ever been shown by Defendant or Defendant's daughter;

7. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, refusing to honor the Court's mandated duty to protect Defendant's and Defendant's daughter's rights to due process by allowing access to the Court via scheduling a hearing on Defendant's August 11, 2014 motion for sanctions against Plaintiff emanating from Plaintiffs intentional distribution of Defendant's driver's license number and Defendant's daughter's Social Security number in the public sections of the Harris County Clerk's Office databases;

8. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, allowing Plaintiffs to venue-shop and specifically select Judge Caroline E. Baker's Court to hear a case that she knew or should have known had already been heard and denied by three judges in four sessions over seven years, that she knew or should have known had exhausted all applicable statutes of limitations two to six years prior to this filing, that she knew or should have known was being filed for malicious and impermissible purposes, and for which she knew that the current status of the law as reflected by the widely publicized Kinney v. Barnes case currently before the Texas Supreme Court would never allow Plaintiffs' desired goal of permanent or temporary injunction;

9. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, intentionally engaging in one or more of the acts enumerated above to extend the reach and effect of Plaintiffs' felonious acts, including identity theft and improper use of Social Security numbers that do not belong to them;

10. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, and after having engineered by deceit the absence of Defendant from a hearing the Defendant could know nothing about, that the Court colluded with Plaintiffs to contrive a means derive additional information to use for the purpose of future identity theft to intimidate Defendant, Defendant's daughter, and Defendant's witnesses. Defendant's indigent status has been known to this Court since the initial filing of the Pauper's oath in June. Defendant's income and financial status has been discussed, investigated, and assessed for child support purposes, both

originally as a payer and now as a payee for eight years now in the Family Law Court. Defendant's financial and income status can easily be verified by a legitimate request from an authorized party, including the Court, with a phone call to any number of authorities, including the Internal Revenue Service or Texas Workforce Commission or to my bank However, Plaintiffs are known to Defendants to be felons who have stolen Defendant's and Defendant's daughter's identity , and do not constitute a legitimate or authorized party. Judge Caroline E. Baker has shown herself to have had malicious intent towards Defendant and Defendant's daughter as shown in the entirety of the foregoing list of bad acts and is likely to pass to Plaintiffs identifying information by means both fair and foul, and is therefore no longer a legitimate or authorized party. Defendant will gladly provide any other member of the Court or government any information they desire, including home visits, to validate Defendant or Defendant's daughter's indigent status as caused by Plaintiffs' felonious acts;

11. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, In a kangaroo-court proceeding in which Defendant was not allowed to be present because he was never served or told via any of the many communications mediums he has provided the Court – telephone voice, telephone text, electronic mail, Harris County Clerk of Court Search database, U.S. Post Office mail, or private delivery service  -  Judge Caroline E. Baker has further directly threatened Defendant's right to due process, to free speech, to personal freedom, and to quality time spent with his daughter.

12. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, intentionally exploiting one of more of the following discriminations, prejudices imbalances, or artificially constructed situations described to the Court in a letter dated May 24, 2014:

"The damage from the Desai's identity theft continues to this day, and so I am forced to go pro se to defend myself in this lawsuit. I understand I have a relatively short time to respond, and I do not have the funds to hire an attorney. I do not know how I am going to afford all of the fees of a lawsuit. I understand that now the Supreme Court requires electronic filing of documents, and I have no clue how to go about that. But the biggest challenge I face is that Riddhi Desai and Shilpi Desai waited seven years to file their lawsuit, I presume to allow their identity theft to achieve its maximum effect, and of course in that time I have lost contact with witnesses and evidence as the identity theft has forced my daughter and me to move several times. The website listed in their suit is one I mounted to try to obtain a lawyer to sue them before I was served with their suit, so their suit represents an attempt to box me out of any due process whatsoever.

"That is the background against which I am making this request to accommodate some special circumstances Sophia and I have. With the distractions that go with being a single custodial parent with being a single custodial parent with no money for child care, and with trying to find employment and a lawyer and money to live on, we were facing enough challenges as it was. Now on top of that, I've got to go to court with no legal experience, no staff, and no time. In addition to that, I will

be the only male among the principals in the courtroom, and to make it worse, I will be the only male in the courtroom who was granted custody of a small child over the mother (traditionally in Texas, the woman's sphere of control), I will be the only non-lawyer (and non-member of the Texas Bar Association) in the courtroom, I will be the only indigent person in the courtroom, I will be the only person in the courtroom who actually produces things to make my living, and I will be the only person babysitting an eight-year-old while trying to present my case in the courtroom. I will be facing an opponent who is all about money and power, and I'll be facing a Judge who must stand for election in a few months and needs both money and influence from lawyers to fund her campaign (no reflection on the Judge, just one of the many unfair realities of being forced to go pro se in a state where Judges run for election). We're not as much concerned about the integrity of the Judge per se – it is more that plaintiffs are greedy and manipulative, and will exploit every nuance or slightest opportunity to remind the Judge of his dilemma.

"Proof of that kind of dirty behavior is clearly shown in the history of the Family Law Court proceedings. In the very beginning of that case, a corrupt judge by the name of Ronald R. Pope was recused from our case after an investigation by the Texas Rangers. He had enlisted his wife to file a false police report against me using a description from a downloaded copy of my resume on the Internet in retaliation for fliers I had posted (under permit from the City of Sugar Land) regarding gender bigotry in his court. Of course, I have no criminal history of any

kind (one of many reasons resulting in my eventually being awarded primary custody of Sophia). Sophia's first custody hearing was to have been heard before Judge Pope shortly thereafter, and it was Judge Pope's intention to use the manufactured assault charge as a pretext to not only throw the book at me in retaliation for my political leanings, but take my daughter from me as well. Since then, at every chance she can, Riddhi Desai brings up Judge Pope's recusal to the presiding Judge – the idea is to inflame the new Judge and create an impression that somehow we are a threat to that Judge's authority (we are no threat to anyone - we are the most open, transparent, and apolitical people you'll ever meet, and frankly we detest all of these various manipulations that plaintiffs engage in to keep the attention away from their original and continuing identity thefts). To their credit, none of the Judges who have heard our case have bit, but they were all males less inclined to place weight on emotion. We are concerned about gender inequality playing a role in a case before a female judge because I will be the only male in the courtroom, and we have seen instances in other courtrooms where one man's "courage" becomes another woman's "aggressive behaviors".

"On top of all of this, my daughter and I remain at extreme danger of further harm from Plaintiffs' continuing identity theft, not just from the thefts of the past seven years, but from new thefts that will occur from new information we will need to submit to satisfy the Court's needs. I am all three of a witness to plaintiffs' crimes, an expert investigator of those crimes (I've been awarded numerous

patents as a result of techniques I've developed for this case to monitor computers to detect criminal and other activity), and the victim of those crimes who has lived seven years under extreme duress of the natural results of them. The Court is now asking me (and my witnesses, who are terrified that plaintiffs will do the same to them, having seen the effects for themselves upon my innocent daughter and me – I would presume this extends to members of the jury as well, so I don't know whether it is wise to ask for a jury or not) to pretend all of the foregoing didn't happen and isn't in full force and effect and to hand over all of the bullets plaintiffs need to re-load their gun, with the empty promise that the Court can somehow (no means offered) protect us from that which they couldn't protect us from before.

"I do not know what, if anything, this Court can or will do about any of the above. Given the innate bias inherent in the situation of an indigent pro se defendant having to face a lawyer of 26 years' experience who committed the very crimes that made the defendant **both** pro se **and** indigent, and given that the Judge hearing the case belongs to the same private club as does the plaintiff (the Texas Bar Association), and given the Judge is financially dependent upon lawyers to raise money for re-election (as I understand it, this Judge has already lost one election, and is very aware of the need for adequate campaign financing)  and needs the support of lawyers much more than he needs the support of an indigent pro se defendant, you'd think there'd either be a special court for this kind of

case, or there would be court-appointed attorneys for the pro se defendant to correct the imbalance."

13. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, refusing to abide by her own words regarding recusal as expressed in an interview that was part of her failed re-election bid in 2008:

"Independent, disinterested, fair, and competent judges are the very cornerstone of American government. Constitutional Law, statutes and rules impose a duty on judges to recuse themselves in any proceeding in which their impartiality might reasonably be questioned or in which they have a personal bias, prejudice, or personal knowledge concerning the case."

14. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, refusing to honor her oath and responsibilities as a Judge, including compliance with the following mandates of the Supreme Court's Code of Judicial conduct:

"A. A judge shall comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

"B. A judge shall not allow any relationship to influence judicial conduct or judgment A judge shall not lend the prestige of judicial office to advance the private interests of the judge or others; nor shall a judge convey or permit others to convey the impression that they are in a special position to influence the judge. A judge shall not testify voluntarily as a character witness."

15. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, refusing to honor her oath and responsibilities as a Judge to devote the time and attention required to hear Defendant's motion on August 4, 2014 in its entirety or in a sincere manner, on several occasions referencing time challenges associated with what she implied were far more important, visible, and career-building cases, including great emphasis on a month-long environment case and a case at 1:00 p.m. that afternoon;

16. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, deliberately scheduling just one hour to hear an Anti-S.L.A.P.P. matter with which she knew she was unfamiliar, having been reversed on appeal in the one instance she had decided such a case, in which she was required by the rules of evidence to consider and understand the totality of the website and all its contents, a website which she knew from Defendant's original response to have 2200 web page links, and numerous videos and recordings, and also required to consider and understand the totality of 84 pages of the Defendant's response, with the knowledge that both sides would require time to argue this massive amount of data. There is no reasonable conclusion that can be drawn from assigning such a brief time to such a case other than that "the fix was in", that is, she'd made a determination even though it was very clear from the recording of the trial she didn't even know the appropriate rules of evidence, the standards of proof, or any of the actual contents of the websites;

17. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, continually referencing the proceedings as a prelude to a

temporary injunction hearing (reflecting a hidden agenda commensurate with Plaintiffs' originally expressed desire as the first hearing). Had Judge Caroline E. Baker an honest agenda, she would have left open the possibility that the temporary injunction hearing would never happen, since an unbiased decision on the Anti-S.L.A.P.P. motion would have dismissed Plaintiffs' petition and rendered a temporary injunction unnecessary at all;

18. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, refusing to acknowledge, follow, or apply the fundamental rules of evidence with respect to any element of this case. Judge Caroline E. Baker had an absolute duty to consider and understand every single word of the website referenced by Plaintiffs original petition because the link to the website was embedded in the body of Plaintiffs' petition. Any irritation or inconvenience the Court may experience from the inclusion of all of that information should inure against Plaintiffs, not Defendant, even though the material was created by Defendant – it was the Plaintiffs who included it in their original petition. The applicable rule is from Texas Rules of Evidence, Article I, General Provisions, Rule 107, which reads: "When part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject may be inquired into by the other, and any other act, declaration, writing or recorded statement which is necessary to make it fully understood or to explain the same may also be given in evidence, as when a letter is read, all letters on the same subject between the same parties may be given. "Writing or recorded statement" includes depositions."

Defendant had every right to fully explore all of the 2200 webpages to the extent necessary to satisfy his prima facie or preponderance of the evidence requirements – certainly enough evidence existed in the materials. But by scheduling merely an hour (two hours were actually spent), the Judge forced Defendant to limit his remarks to just a very few small elements (primarily the statute of limitations issue and briefly res judicata). This deliberate blow-off of Defendant's case by forcing time limits that were laughably short for the purpose so that she could spent time on the more visible case her crony Rick Perry would be impressed with is a travesty – what makes it worse is that Judge Caroline E. Baker had no trouble making time for her new best buddy (and presumed new under-the-table campaign contributor) Riddhi Desai when orchestrating the in-absentia kangaroo court to deny Defendant due process;

19. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, separately and apart from the rules of evidence violations above, failing to follow the requirements of the TCPA statute itself with respect to evidence:

"27.006(a) In determining whether a legal action should be dismissed under this chapter, the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based."

"Shall" is a very powerful word under the law - Judge Caroline E. Baker had no legitimate recourse, when considered with Rule 107 above, but to consider all of that evidence, all 2200 web links followed to their ultimate conclusions, all of the affidavits, all 84 pages of Defendant's original answers, no matter how long that took, no matter

how many dinner parties she would have to miss. That is the law. That is not what Defendant received from Judge Caroline E. Baker.

20. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, and through the combination of denying adequate time and failing to adhere to the rules of evidence and evidentiary requirements of the statute, denying Defendant an opportunity to add to his absolute, affirmative, and arguable defenses, wasting what little time was provided on arguing matters Judge Caroline E. Baker was already required by statute and rules of evidence to have understood and considered. But Judge Caroline E. Baker never intended an honest outcome – a first year law student would know that the Defamation Mitigation Act alone renders the petition frivolous (and Plaintiffs did not deny they never asked me - the "publisher" – directly to change anything about my website as required by the language of the statute:

"Sec. 73.055. REQUEST FOR CORRECTION, CLARIFICATION, OR RETRACTION.

(a) A person may maintain an action for defamation only if:

(1) the person has made a timely and sufficient request for a correction, clarification, or retraction from the defendant; or

(2) the defendant has made a correction, clarification, or retraction.

(b) A request for a correction, clarification, or retraction is timely if made during the period of limitation for commencement of an action for defamation.

(c) If not later than the 90th day after receiving knowledge of the publication, the person does not request a correction, clarification, or retraction, the person may not recover exemplary damages.

(d) A request for a correction, clarification, or retraction is sufficient if it:

(1) is served on the publisher;

[more follows]"

For example, Defendant should have been allowed to argue that any consideration of Plaintiffs' petition should never have occurred at all because by including the entirety of the website link (and in fact, the totality of the Internet, if Plaintiffs latest version of their "original" filing is to be believed, which adds to the link the phrase "and such other numerous websites", about as non-specific as you can get) Plaintiffs have violated the "particularity" requirement of the defamation statute, which reads: "

Sec. 73.055. REQUEST FOR CORRECTION, CLARIFICATION, OR RETRACTION.

(a) A person may maintain an action for

defamation only if:

1) the person has made a timely and sufficient request for a correction, clarification, or retraction from the defendant;

(3) states with particularity the statement alleged to be false and defamatory and, to the extent known, the time and place of publication;

(4) alleges the defamatory meaning of the statement; and

(5) specifies the circumstances causing a defamatory meaning of the statement if it arises from something other than the express language of the publication.

21. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, refusing to expend the time and effort to read, watch, and understand all of the material isn the website link furnished by Plaintiff's original petition. A single topical pass through all of the material takes Defendant two and a half business days, and of course Defendant is very familiar with the material and the many technical issues presented in it. The Court is neither of those latter two things. As you would expect from a pro se defendant going through a lawsuit like this for the first time ever, Defendant kept himself aware of the Court's activities and is aware the Court spent very little time on this case. Any representation by Judge Caroline E. Baker that she gave anything more than lip service to the evidence or to Defendant's extensive filings in this case is an outright lie.

22. With sloth or malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, refusing to educate herself on the law in a case that involved relatively new legislation in which she had just one prior experience, and

in that one case had been reversed on appeal. In that case she had shown an egregious disrespect for the Anti-S.L.A.P.P. law, for the legislators, for the voters, and for the general public – the Anti-S.L.A.P.P. law is expressly intended to expedite defamation cases, and so as a fundamental element contains several very specific, easily understood time limits. Judge Caroline E. Baker did not even bother to read this important new piece of legislation in that prior case, rendering her decisions a full seventy-two days after filing, rather than the thirty days the law clearly requires.

23. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, deliberating scheduling a hearing requiring Defendant's presence on the very day that she knew or should have known that Defendant's appeal is due in the Fourteenth District Court of Appeals as a means to further erode the time and effort Defendant can Devote to that appeal;

24. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, scheduling other hearings requiring Defendant's presence during the expedited period of time she knew or should have known is assigned to preparing Anti-S.L.A.P.P appeals as a means to further erode the time and effort Defendant can devote to that appeal;

25. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, allowing the filing and hearing of motions in the case when she knew or should have known that the very intent and purpose of the Anti-S.L.A.P.P. motion and its appeal process is to prevent such harassment and abuse of the legal process;

26. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, mocking Defendant's good-faith efforts as a pro se litigant by responding to 2200 web pages of materials and 84 pages of Defendant's original response with just a two-sentence decision containing not a single finding of fact or conclusion of law, leaving Defendant to have to deal with every possibility in the universe with respect to his appeal; and

27. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, using her Courtroom to pervert the process into a popularity contest and war of attrition - knowing the party she disfavors is indigent with a small child and cannot survive such a war - instead of a search for truth and justice. This will be news to any society matron born with a silver spoon in her mouth, but the fact that Judge Caroline E. Baker doesn't personally like Defendant, or that she shares Plaintiffs gender bigotry or distaste for men who have custody of their children over the mothers, or that she disagrees with the contents of defendant's website is supposed to be totally irrelevant to these proceedings. To show how far gone Judge Caroline E. Baker is, she doesn't grasp that it's not even relevant at this point whether she considers the website defamatory – none whatsoever, for several reasons. If the Plaintiffs' statutes of limitations have run (they have), the suit can't be heard regardless of the website's contents. If three judges on four occasions over seven years have heard the request to take the websites down and refused (they have), there's no merit to the suit regardless of the website's contents. If the Plaintiffs have unclean hands (they do), there's no merit to the suit. If the Plaintiffs failed to meet the terms of the Defamation Mitigation act (they did), it's over. Period. Period. Period.

28. With malice aforethought and singly or as part of a greater conspiracy in collusion with Plaintiff Riddhi Desai, Judge Caroline E. Baker ruled on behalf of Plaintiffs based on personal preferences, shared gender, common membership in the Texas Bar Association, and a common experience as female lawyers alone, with no regards whatsoever for the facts of the matter. The record shows that Riddhi Desai did not make a single argument of merit with regard to her burdens under the Texas Citizen Participation Act, spending her time on arguing the details of the evidence instead of making a case against Defendant's overwhelming defenses. No honest judge, absent the relationships and common interests shared by Judge Caroline E. Baker with Riddhi Desai, would ever have denied the motion to dismiss on the evidence that was present. Riddhi Desai was awarded the decision solely on Judge Caroline E. Baker's personal biases, provable by the sheer volume of arguments Riddhi Desai never made didn't make (in any public, legally permissible setting, anyway):

a. Defendant's burden as to "communications" – stipulated to, since it's part of Plaintiffs submission and is a website, by definition a "communication;

b. Matter of public concern – stipulated to, since the Plaintiff's own "letter" is addressed to one public official and copied to another by that official

c. Res judicata – no denial, no argument;

d. Defense Mitigation Act – no denial, no argument;

e. Statute of limitations – denial, no relevant offerings (claimed "letters", but the only letters in evidence were protected communications government official

and not probative because they were incomplete, and had no mention of the website.

f. Laches – no denial, no argument;

g. Unclean hands – no denial, no argument

… and so on and so on.

## II.
## MITIGATING CIRCUMSTANCES

In conjunction with any investigative agency's consideration for the aforementioned bad acts, Defendant respectfully requests the additional consideration of the following mitigating circumstances:

1. In private conversations, Judge Caroline E. Baker has expressed deep abiding disrespect tantamount to hatred for pro se defendants;

2. Judge Caroline E. Baker is motivated as she approaches her stand for re-election not to offend her fellow lawyers and members of the private club known as the Texas Bar Association, who fund her campaign and espouse her candidacy and with whom she must work every day, by ruling in favor of an indigent pro-se defendant she'll never see again;

3. In fifty-nine years of living and further in the last eight-plus years of Family Law Court proceedings and as many as one hundred other court appearances associated with his work, prior divorces, bankruptcy court, and U.S. Patent Office

proceedings, Defendant has never been missed a hearing, been sanctioned, or otherwise been accused of any impropriety or disrespect towards any Court;

4. In roughly the same period of time as defined above, and as a professional politician and lawyer, Judge Caroline E. Baker has told thousands of untruths, most often for profit or power, in hundreds of situations. While our society holds its noses and tolerates professional liars as trial lawyers because it is the only means we have to provide a defense for the guilty, great diligence is required to restrain the dishonesty to the appropriate arena and to minimize it whenever and wherever possible. In this case, Judge Caroline E. Baker has allowed her new-found friend and probable contributor Riddhi Desai to lie to any extent she desire in whichever role she wishes, lawyer, litigant or witness;

5. While Defendant has served his country honorably in many ways for many years for either no compensation or for little more than his meals, Judge Caroline E. Baker has never served until and unless there was profit or power received to her benefit;

6. That Plaintiff Riddhi Desai and Plaintiff Shilpi Desai are wealthy Sugar Land residents with an expensive home and millions in hidden assets;

7. That Plaintiff Riddhi Desai and Plaintiff Shilpi Desai are members of a large, wealthy community in Sugar Land sharing a common experience in their birth country of East India, and experience which includes both and an expectation of, and acceptance of, graft among public officials;

8. That Defendant and Defendant's daughter are indigent, and powerless, and therefore have nothing to offer Judge Caroline E. Baker anything she would consider as having value when compared to what Plaintiffs can offer;

9. That Defendant and others have captured information regarding Plaintiffs illegal and unethical activities on several websites, one of which is the subject of the defamation suit filed by Plaintiffs;

10. That Judge Caroline E. Baker must stand for re-election on November 2;

11. That in 2008 Judge Caroline E. Baker was rejected by the voters in a close election in which campaign funding was an important element;

12. That as a direct slap in the face to the voter's wishes after being rejected in 2008, Judge Caroline E. Baker resorted to trading political favors to acquire an equivalent judicial position via the political manipulations of Governor Rick Perry, who wanted to stick a Republican Judge in Democrat Bill White's back yard, and to appear in support of promoting women after a national embarrassment on the political where he was pilloried for trying to use state resources to force girls to get injections from his pharmaceutical company supporter;

13. In accepting an in-your-face political appointment outside the voters' wishes from a political hack currently under indictment, charged with two felonies stemming also from disrespect for the voters' wishes, Judge Caroline E. Baker has signaled that her ambitions trump all other considerations;

14. That after learning of Judge Caroline E. Baker's disrespect for voters and being repulsed by the sleaziness of it, and in accordance with being a registered voter

and wishing to have his rightful say in the upcoming election, Defendant registered a website under the name "http://www.JudgeCarolineBaker295.com" and posted information on that website about the Judge's inadequacies and Defendant's fears as to the damage the Judge's poor character could do to his and his daughter's fragile financial status, security, family relationship;

15. Defendant was a direct witness to and investigator of, and Defendant and Defendant's daughter have been victims of, felonious acts committed by Plaintiff Shilpi Desai on behalf of her mother, attorney Plaintiff Riddhi Desai, and has both a duty and a right beyond the simple protections of free speech to express and report that information to anyone he chooses for the legitimate purpose of correcting, mitigating, or warning of those offenses.

## II.
## REMARKS

The foregoing statements are accusations of criminal and unethical behaviors by Judge Caroline E. Baker in intentional and malicious violation of Defendant's and Defendant's daughters' fundamental civil rights, including the right to due process, the right to equal access and the right to free speech unencumbered by prior restraint. Defendant requests the immediate investigation of all of these complaints, including the felonies described in the website underlying Plaintiffs' original petition by the Texas Rangers. If this Court does not make a good-faith effort to have all of these matters investigated promptly, impartially, and thoroughly, defendant reserves the right to request assistance of Federal law enforcement agencies and the Federal Courts, in view of the fact that Defendant and Defendant's daughter have been denied due process for more than seven years with respect to their attempts to have the identity theft and Social Security numbers investigated and prosecuted.

## III.
## PRAYER

Defendant prays that Judge Caroline E. Baker be immediately recused from this case, that Plaintiffs be immediately sanctioned for their latest instance of Social Security and identity abuse using the Harris County District Clerk's public databases, that Defendant's daughter's Social Security number and Defendant's drivers license number be removed from public view, that Defendant's view of case documents in the Harris County District Clerk's public databases be fully restored so he can research his appeal, that the in-absentia kangaroo court orders rendered by Judge Caroline E. Baker be immediately vacated, that any that Defendant be allowed to pursue his appeal through its conclusion unmolested, and that Defendant be returned the same right to fully participate in the legal process as anyone else anywhere in the country who does not have to endure the duress and oppression of having their, and their family's, identities abused in any manner whatsoever.

Respectfully submitted,

_____

Frederic Scott Deaver
15919 Wingdale Drive
Houston, Texas 77082-1439
(832) 889-5089

| | | |
|---|---|---|
| **RIDDHI DESAI** | § | **IN THE DISTRICT COURT OF** |
| **SHILPI PANKAJ DESAI,** | § | |
| **Plaintiffs** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **-V-** | § | |
| | § | |
| **FREDERIC SCOTT DEAVER** | § | **295th JUDICIAL DISTRICT** |
| **Defendant** | § | |

## MOTION FOR SANCTIONS

TO THE HONORABLE DISTRICT COURT JUDGE:

NOW COMES Defendant, Frederic Scott Deaver, and respectfully requests that the Court render sanctions against Plaintiffs for their continuing and egregious violations of Defendant's and Defendant's daughter's rights to protection of their privacy – a matter at the very heart of Defendant's counterclaims, with specific attention and consideration given to Plaintiff's violation of Rule 21c. of the Texas Supreme Court's "ORDER ADOPTING TEXAS RULE OF CIVIL PROCEDURE 21c AND AMENDMENTS TO TEXAS RULES OF CIVIL PROCEDURE 4, 21, 21a, 45, 57, AND 502; TEXAS RULES OF APPELLATE PROCEDURE 6, 9, AND 48; AND THE SUPREME COURT ORDER DIRECTING THE FORM OF THE APPELLATE RECORD", which reads in part:

"RULE 21c. PRIVACY PROTECTION FOR FILED DOCUMENTS.

"(a) Sensitive Data Defined. Sensitive data consists of:

"(1) a driver's license number, passport number, social security number, tax

identification number, or similar government-issued personal identification number;

"(2) a bank account number, credit card number, or other financial account number;

and

"(3) a birth date, home address, and the name of any person who was a minor when the

underlying suit was filed.

"(b) Filing of Documents Containing Sensitive Data Prohibited. Unless the inclusion of sensitive data is specifically required by a statute, court rule, or administrative regulation, an electronic or paper document, except for wills and documents filed under seal, containing sensitive data may not be filed with a court unless the sensitive data is redacted.

"(c) Redaction of Sensitive Data; Retention Requirement. Sensitive data must be redacted by using the letter "X" in place of each omitted digit or character or by removing the sensitive data in a manner indicating that the data has been redacted. The filing party must retain an unredacted version of the filed document during the pendency of the case and any related appellate proceedings filed within six months of the date the judgment is signed.

"(d) Notice to Clerk. If a document must contain sensitive data, the filing party must notify the clerk by:

> (1) designating the document as containing sensitive data when the document is electronically filed; or

> (2) if the document is not electronically filed, by including, on the upper left-hand side of the first page, the phrase: "NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA."

"(e) Non-Conforming Documents. The clerk may not refuse to file a document that contains sensitive data in violation of this rule. But the clerk may identify the error to be corrected and state a deadline for the party to resubmit a redacted, substitute document.

6Tx. Supreme Court Misc. Dkt. No. 13-9165 Court of Criminal Appeals Misc. Dkt. No. 13-003

"(f) Restriction on Remote Access. Documents that contain sensitive data in violation of this rule must not be posted on the Internet.

"Comment to 2013 Change: Rule 21c is added to provide privacy protection for documents filed in civil cases.

[End of quoted sections.]

# I.
# BACKGROUND

At 10:12 a.m. on August 4, 2014, while Defendant and Defendant's daughter were seating in the gallery awaiting the start of the Court's session which began at 11:00 a.m. the same day to address Defendant's Anti-S.L.A.P.P. Motion to Dismiss, Plaintiff Riddhi Desai hand-delivered to Defendant a brown manila envelope containing a partial copy of Plaintiffs' amended original petition and one copy each of her and fellow Plaintiff Shilpi Desai's responses to Defendant's Anti-S.L.A.P.P. Motion to Dismiss. As was Plaintiff's full intention demonstrated by the timing and manner of her delivery, Defendant did not have the means or the time to review the partial copy of Plaintiffs' amended original petition prior to the hearing just 48 minutes hence, focusing instead on the matter at hand which was Defendant's Anti-S.L.A.P.P. Motion to Dismiss.

At some point later in the day, Defendant reviewed the partial paper copy of the Plaintiffs' amended original petition. What Defendant could not know was that the paper copy had been intentionally delivered to him incomplete, having nothing else to reference the document to. However, on Thursday Defendant received a call from an attorney who is monitoring the situation on Defendant's behalf in an unofficial capacity, and during that phone call was advised that Plaintiff Riddhi Desai and Plaintiff Shilpi Desai were again electronically

Appeal Number 14-14-00683-CV, APPELLANT'S RESPONSE TO APPELLEES' MOTION FOR REHEARING - Page 37

distributing both Defendant's and Defendant's daughter's private identifying information. They had included an "EXHIBIT C" document, which is not included in the copy given Defendant (which remains stapled and in exactly the same form it was presented to him), as an image in the electronic version of the Plaintiffs' amended original petition that they submitted electronically to the Harris County District Clerk where it appears on a public section of the website accessible to anyone willing to create an account (no bar card, government employment, or other restrictions apply). They had inserted an un-redacted page 2 of the original divorce decree from Fort Bend County rendered December, 2007 into what was an otherwise-redacted copy of the decree, exposing Defendant's daughter's full Social Security number, name, and birth date on page two, and Defendant's full driver's license number on page 24. The document itself, a marked-up unofficial copy of a divorce decree never in Defendant's possession, has no probative value in that it is a public record easily attainable as such in its proper redacted form for any official purposes. The divorce decree itself is not at issue in this case, other than perhaps as evidence that Defendant was able to achieve his goals in that case against Plaintiffs' incompetent efforts, which serves Plaintiffs no good purpose.

## III.
## REMARKS

Without an extraordinary effort by the Court to resolve this issue, Defendant cannot receive due process from this Court irrespective of the Court's best intentions, a fault not of the Court but of Plaintiffs and their unconstrained behaviors, which seem to be extending the mockery with which they've always approached Defendant to include the Court and its infrastructure. Defendant may be a layperson, but he can read and recognize circular logic, and it looks for all the world to him as though Plaintiffs' latest version of their original petition is trying to construe the Defendant's Anti-S.L.A.P.P. motion, and Defendant's original answer and

counterclaims as the basis for ***their*** original petition – a basis which didn't exist at the time they filed their original petition and which wouldn't exist at all weren't it not for Defendant having been frivolously sued and having been legally required to respond. Defendant's understanding was and remains that he has been involuntarily engaged in a serious matter of law to be heard by grown adults before a distinguished and respected jurist and a jury of his peers, and Defendant lacks the resources to instead play Plaintiff's pre-teen roll-your-own video game where the opponent employs service addresses she knows to be invalid, where the last-minute hand-delivered service of responses right before trial is meant to distract an inexperienced presenter, where three-card-monte is played with exhibits so that Plaintiffs can use those exhibits to continue their identity abuse of Defendant and his Daughter, where Plaintiff includes in an unrelated filing irrelevant material about a Judge rightfully being recused eight years ago in hopes of antagonizing the Court against Defendant in this case, and where Plaintiffs seem to be expecting all of the tolerance that is extended to pro se defendants on top of all the benefits that go with having been an attorney for 26 years. Defendant was raised to believe that this kind of incessant cheating by one's opponent is nothing less than their admission they couldn't win playing fair.  The issue is not so much all this smoke Plaintiffs keep generating to hold off as long as possible answering to the crimes they've committed, it is the harm that is caused to Defendant's daughter in the meantime as the identity theft continues.

**II.**
**PRAYER**

Given the history of this case as it includes the preceding Family Law Court case, given the identical nature of the allegations against Plaintiffs as compared to these most recent behaviors, given the seven years over which Plaintiffs have engaged in identity theft and Internet bullying against Defendant and his daughter, given that Plaintiffs went to unusual lengths to be

deceitful to the Defendant and to the Court in concealing their exposure of identifying information in this latest instance, and given that Defendant has done everything in his power to inform the Court of the onerous burden and duress that the threat of continued identity theft, Internet bullying, and electronic intimidation by Plaintiffs places upon Defendant, Defendant's daughter, and upon Defendant's witnesses and his continuing search for adequate counsel, Defendant respectfully requests that the Court exercise every sanction available to it against Plaintiffs in this matter, and to the extent possible, prevent further abuses of Defendant's, Defendant's daughter's, Defendant's witnesses' and Defendant's potential counsel's basic identity rights. Defendant should have the same right to fully participate in the legal process as anyone else anywhere in the country who does not have to endure the duress and oppression of having their, and their family's, identities abused in any manner whatsoever.

Respectfully submitted,

_____

Frederic Scott Deaver
15919 Wingdale Drive
Houston, Texas  77082-1439
(832) 889-5089



RIDDHI DESAI
Attorney at Law
Arena Towers I
7322 S.W. Freeway, #2020
Houston, TX 77074

Frederic Scott Deaver
15919 Wingdale Dr.
Houston, Texas 77082-1439

0307 0020 0003 5580 3645

77082143919

NORTH HOUSTON TX 773
20 AUG 2014 PM 2 L

AUG.19.14
TX

POSTALIA 385072

Appeal Number 14-14-00683-CV, APPELLANT'S RESPONSE TO APPELLEES' MOTION FOR REHEARING - Page 41

CAUSE NO. 201418950

RIDDHI DESAI                    §        IN THE DISTRICT COURT OF
SHILPI PANKAJ DESAI            §
V.                              §        HARRIS COUNTY, TEXAS
                                §
FREDERIC SCOTT DEAVER          §        295TH JUDICIAL DISTRICT

## Notice of Hearing For Temporary Injunctions

The Temporary Injunctions are set for hearing on ~~September 25, 2014~~
1.30 P.M.
at ~~9.00 A. M.~~ in 295th District Court.

_____
                                        Judge or Clerk


## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure by on August 18, 2014.


_____
                                        Riddhi Desai


/home/riddhi/Documents/Legal7-914/CIVIL/MOTION/Notice of hearing- Temporary Injunction.doc



Appeal Number 14-14-00683-CV, APPELLANT'S RESPONSE TO APPELLEES' MOTION FOR REHEARING - Page 43





15919 Wingdale Drive
Houston, Texas  77082-1439
May 24, 2014

The Honorable Caroline E. Baker
Harris County District Court 295

or

Chris Daniel, Harris County District Clerk
c/o Civil Courthouse
201 Caroline
Houston, Texas  77002

**RE: Disability accommodations**

To whom it may concern:

My name is Scott Deaver, and I have just been served with a civil lawsuit (the document I was served is labeled "2014-18950 / Court: 295") in Harris County District Court #295 on May 21, 2014. I have never been sued before by anyone, and my only experience with these matters is in Family Law Court – I did appear before Judge David Farr in the 312th Family Law Court in 2012, where I was awarded primary custody of my seven-year-old daughter, Sophia Cindy Deaver, in August of that year. My daughter and I have some special circumstances, and we need the Court's assistance.

The woman and her daughter suing me are Riddhi Desai and Shilpi Desai, the attorney and her daughter, respectively, who along with their tag-team co-counsel Jennifer Reynolds, lost every hearing of the six that were held related to Sophia's custody (three in Fort Bend County 328th District Court, and three in Judge Farr's court). After they lost the first three hearings by December, 2007, Shilpi Desai took my daughter's and my personal identity information, including our social security numbers, drivers' license numbers, and debit and credit account numbers,  out of the case files entrusted to Riddhi Desai, and began using that information to destroy our credit, sending it out to every hacker and scammer she could find on the Internet, buying merchandise in our name, even applying for car loans in our name (a private Internet investigator discovered in 2011 that she'd been using between six and eight Social Security numbers belonging to other people for her online transactions, which is a felony) using her work computer at Fluor Daniel Corporation in Sugar Land.

We have lost everything – at the time Shilpi Desai began the identity theft, we were in a Chapter 7 bankruptcy proceeding which was intended to protect our personal assets from the results of Microsoft stealing from my business an invention (including the registered trademark name) called "Caller ID for E-mail" for which I had applied for two patents (see
http://www.internetnews.com/security/article.php/3393891). I am not a businessperson, and had been operating the business out of my home as a DBA called "FailSafe Designs" without incorporating, so the Chapter 7 bankruptcy was for the purpose of disentangling my personal property from the business. With the identity theft and everything that caused, including a counterfeit cashier's check received from an Internet scam artist for the emergency sale of my MG Midget, the hacking of my Chase and Capital One savings and checking accounts, the loss of Sophia's and my home, and having to take less well-paying work because my credit scores began falling like a rock, I had to convert the bankruptcy to a

Chapter 13 before I was yet able to realize the full impact of Shilpi Desai's identity theft, which meant that I did not receive the full protections of Chapter 13 bankruptcy that were intended by the law. One of the things that happened was that we protected our home from creditors other than the mortgage holder, as is allowed by Texas law, but we had no defenses when a counterfeit cashier's check received in payment for a car I sold bounced – a direct result of plaintiffs distributing our personal information to scam artists on the Internet  - and caused the checks we wrote in payment of the annual taxes on that property to bounce.

The damage from the Desai's identity theft continues to this day, and so I am forced to go pro se to defend myself in this lawsuit. I understand I have a relatively short time to respond, and I do not have the funds to hire an attorney. I do not know how I am going to afford all of the fees of a lawsuit. I understand that now the Supreme Court requires electronic filing of documents, and I have no clue how to go about that. But the biggest challenge I face is that Riddhi Desai and Shilpi Desai waited seven years to file their lawsuit, I presume to allow their identity theft to achieve its maximum effect, and of course in that time I have lost contact with witnesses and evidence as the identity theft has forced my daughter and me to move several times.  The website listed in their suit is one I mounted to try to obtain a lawyer to sue them before I was served with their suit, so their suit represents an attempt to box me out of any due process whatsoever.

That is the background against which I am making this request to accommodate some special circumstances Sophia and I have. With the distractions that go with being a single custodial parent with being a single custodial parent with no money for child care, and with trying to find employment and a lawyer and money to live on, we were facing enough challenges as it was. Now on top of that, I've got to go to court with no legal experience, no staff, and no time. In addition to that, I will be the only male among the principals in the courtroom,  and to make it worse, I will be the only male in the courtroom who was granted custody of a small child over the mother (traditionally in Texas, the woman's sphere of control), I will be the only non-lawyer (and non-member of the Texas Bar Association) in the courtroom, I will be the only indigent person in the courtroom, I will be the only person in the courtroom who actually produces things to make my living, and I will be the only person babysitting an eight-year-old while trying to present my case in the courtroom. I will be facing an opponent who is all about money and power, and I'll be facing a Judge who must stand for election in a few months and needs both money and influence from lawyers to fund her campaign (no reflection on the Judge, just one of the many unfair realities of being forced to go pro se in a state where Judges run for election). We're not as much concerned about the integrity of the Judge per se – it is more that plaintiffs are greedy and manipulative, and will exploit every nuance or slightest opportunity to remind the Judge of his dilemma.

Proof of that kind of dirty behavior is clearly shown in the history of the Family Law Court proceedings. In the very beginning of that case, a corrupt judge by the name of Ronald R. Pope was recused from our case after an investigation by the Texas Rangers. He had enlisted his wife to file a false police report against me using a description from a downloaded copy of my resume on the Internet in retaliation for fliers I had posted (under permit from the City of Sugar Land) regarding gender bigotry in his court. Of course, I have no criminal history of any kind (one of many reasons resulting in my eventually being awarded primary custody of Sophia). Sophia's first custody hearing was to have been heard before Judge Pope shortly thereafter, and it was Judge Pope's intention to use the manufactured assault charge as a pretext to not only throw the book at me in retaliation for my political leanings, but take my daughter from me as well.

Since then, at every chance she can, Riddhi Desai brings up Judge Pope's recusal to the presiding Judge – the idea is to inflame the new Judge and create an impression that somehow we are a threat to that Judge's authority (we are no threat to anyone - we are the most open, transparent, and apolitical people you'll ever meet, and frankly we detest all of these various manipulations that plaintiffs engage in to keep the attention away from their original and continuing identity thefts). To their credit, none of the Judges who have heard our case have bit, but they were all males less inclined to place weight on emotion. We are concerned about gender inequality playing a role in a case before a female judge because I will be the only male in the courtroom, and we have seen instances in other courtrooms where one man's "courage" becomes another woman's "aggressive behaviors".

On top of all of this, my daughter and I remain at extreme danger of further harm from Plaintiffs' continuing identity theft, not just from the thefts of the past seven years, but from new thefts that will occur from new information we will need to submit to satisfy the Court's needs. I am all three of a witness to plaintiffs' crimes, an expert investigator of those crimes (I've been awarded numerous patents as a result of techniques I've developed for this case to monitor computers to detect criminal and other activity), and the victim of those crimes who has lived seven years under extreme duress of the natural results of them. The Court is now asking me (and my witnesses, who are terrified that plaintiffs will do the same to them, having seen the effects for themselves upon my innocent daughter and me  – I would presume this extends to members of the jury as well, so I don't know whether it is wise to ask for a jury or not) to pretend all of the foregoing didn't happen and isn't in full force and effect and to hand over all of the bullets plaintiffs need to re-load their gun, with the empty promise that the Court can somehow (no means offered) protect us from that which they couldn't protect us from before.

I do not know what, if anything, this Court can or will do about any of the above. Given the innate bias inherent in the situation of an indigent pro se defendant having to face a lawyer of 26 years' experience who committed the very crimes that made the defendant *both* pro se *and* indigent, and given that the Judge hearing the case belongs to the same private club as does the plaintiff (the Texas Bar Association), and given the Judge is financially dependent upon lawyers to raise money for re-election (as I understand it, this Judge has already lost one election, and is very aware of the need for adequate campaign financing)  and needs the support of lawyers much more than he needs the support of an indigent pro se defendant, you'd think there'd either be a special court for this kind of case, or there would be court-appointed attorneys for the pro se defendant to correct the imbalance.

 But this request is to address another set of challenges on top of those. I am 59 years old, and am beginning to suffer the physical informalities that go with increasing age, amplified no doubt by seven years of intense stress intentionally caused by Riddhi and Shilpi Desai. In 2011 I was diagnosed with forty percent hearing loss in my right ear and a lesser loss of hearing in my left, and for the past several years I have suffered from short-term memory loss that seems to be gradually increasing. I have been admitted into the Medicaid program, but receive no help with deductibles for medications and certain tests (we literally do not have two nickels to rub together, and currently are borrowing money from my parents to survive – they are on fixed Social Security incomes and are nearly ninety years of age). Though not related to this request, as an illustration of the severity of the problem, I was diagnosed in 2012 with carpal tunnel syndrome in both wrists and a rotator cuff injury in my right shoulder from an assault by plaintiff's client during the Family Law case (yet here I sit, forced by plaintiffs to type a response to their harassing lawsuit without wrist braces I can't afford). I cannot afford the deductibles for either the medication or the therapy required to prepare for the surgery (I was supposed to get a colonoscopy at

the same time, but was going to be charged a $64 deductible for a solution called MoviPrep to prepare for surgery, and so had to miss the procedure).

Both Riddhi Desai and her tag-team co-counsel Jennifer Reynolds were born in other countries (East India and mainland China, respectively, and have very heavy accents.

So, for all of these reasons, I need a pocket recording of the testimony at trial each day to review in the evening after testimony once my daughter has been put to bed, to see what I may have missed and to prepare for the next day's session. When in Fort Bend County, we had Douglas "Woody" Lyons as our attorney, a very professional lawyer with a full staff. We also hadn't yet suffered the effects of plaintiffs' later identity theft, so we were able to afford to pay $1500.00 for a transcript, and that matter didn't involve the possibility of an expedited appeal, so waiting three months for the court reporter to transcribe the testimony in her private time wasn't so much of an issue.

I'm trying to learn how to fight this latest lawsuit – I have only a few days to prepare a response, and I am working to do that. There is a new law I've been reading about on the Internet entitled the "Texas Citizen's Participation Act" and it seems to fit what we need to do. However, it is in the form of a motion to dismiss, and it doesn't seem to me that will satisfy our need to file a formal answer to the original petition. I think I will file a formal answer first so we meet the time limits, and then file the TCPA motion.

If we file the TCPA motion to dismiss, we should have no problem winning since the plaintiffs waited seven years to file just to harass us and weaken our resources in the meantime with the effects of their identity theft. But, as noted above, the deck is stacked against us in terms of us being different in many ways from the Judge and the plaintiffs, so in the event of a catastrophe we would need to appeal. Therein lies the problem, because the TCPA is all about expediting everything, including the appeals. We know from past experience it takes months to get transcripts from the court reporters, and those transcripts are incredibly expensive for a man and his daughter who have to scrounge quarters from her piggy bank to buy toilet paper. In the unlikely event we had to appeal, how would we present testimony from the hearing to argue our appeal with no recording and no transcript?

When we first entered Judge Farr's courtroom, we'd suffered four years of plaintiffs' identity theft, so the best attorney we could afford was a bad-check kiter named William Dane Bennett, who once came to a morning meeting he'd scheduled, in the common area of his girlfriend's downtown Houston condo where he was crashing, hung over and with white powder still clinging to the hairs in his nostrils (he is a much taller man than I, so it was hard to miss) from his wakeup toot. It was then that I wrote the court for permission and began recording court proceedings, more as an expression of the need to protect myself against my own attorney than anything else.

In Judge Farr's courtroom, signs are clearly posted in several places that recording is not allowed without contacting the bailiff. As soon as we were served with this latest suit, Sophia and I went to the 295th courtroom when we had to be downtown for something else, so that when we go to trial we will know how to get there and what to expect, but there are no signs posted anywhere about recordings, or cell phones, or anything, or who to contact about getting permission. I assume the signs are supposed to represent the local rules mentioned in the website, and without them I'm not clear how we go about talking to someone about what the rules this Judge expects us to follow. When we were in Judge Farr's court, we just wrote him a letter, and that seems to have worked out well. We were able to record with our pocket recorder, and to use those recordings in a disciplinary hearing against Jennifer Reynolds, resulting in a $250.00 fine for her misconduct.

Ersatz, this letter.  In our letter to Judge Farr when faced with this problem we quoted from the website at http://www.dmlp.org/legal-guide/texas-recording-law as the basis for asking permission to record. I've since found another website at http://www.dmlp.org/legal-guide/recording-police-officers-and-public-officials that says a number of courts, including several Federal  Appeals courts, have recognized a First Amendment right to record public officials. But both articles seem to be suggesting that it's better to ask permission from the Court, and in an abundance of caution we are seeking that.

Please let us know if you have any issue with us recording testimony (audio only) for our use. We will delete any recorded audio identified by the Judge as being off the record, and will of course follow any rules set forth by either the District Clerk or the Judge. One of the things that has served us very well so far throughout these past seven years despite all our disadvantages, and which sets us far apart from plaintiffs, is that we are open and transparent and we follow the rules. That distinction is very important to us, and we want to do encourage and maintain that trust.

Respectfully,


F. Scott Deaver
scottdeaver@viewsender.com
(832) 889-5089

















# VERIFICATION

STATE OF TEXAS      )
                        )

COUNTY OF HARRIS     )

       BEFORE ME, the undersigned authority, personally appeared Frederic Scott Deaver, who, by me duly sworn, deposed and stated that he is the defendant in the above entitled and numbered cause; that he has read the foregoing Defendant's Second Amended Answer, Counterclaims, Request for Disclosure, and Request for Modified Discovery Control Plan and the statements contained in the foregoing document are within his personal knowledge and are true and correct.

Frederic Scott Deaver

Subscribed and sworn to before me on ____8/11/2014____ by

FREDERIC SCOTT DEAVER.

Signature of officer

Julie B Gundy
Notary's typed or printed name

JULIE B. GUNDY
Notary Public, State of Texas
My Commission Expires
October 19, 2014

My commission expires:

10-19-2014

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading or document has been served upon all attorneys of record and any parties who are not represented by an attorney on ___8/11/2014___ .

Attorney for:       Riddhi Desai (pro se)
Attorney's name:       Riddhi Desai
Attorney's address:       Arena Tower I
                         7322 S. W. Freeway, Suite 2020
                         Houston, Texas 77074

Type of Service:
___ U.S. Mail, Certified Return Receipt Request No. _____
_X_ U. S. Mail, First Class.
___ Hand delivery by [name of delivery service]: _____
___ Facsimile transmission to _____[fax number] before 5:00 p.m.

Attorney for:       Shilpi Desai
Attorney's name:       Riddhi Desai
Attorney's address:       Arena Tower I
                         7322 S. W. Freeway, Suite 2020
                         Houston, Texas 77074

Type of Service:
___ U.S. Mail, Certified Return Receipt Request No. _____
_X_ U. S. Mail, First Class.
___ Hand delivery by [name of delivery service]: _____
___ Facsimile transmission to _____[fax number] before 5:00 p.m.

Attorney for:       Sophia C. Deaver
Attorney's name:       David R. Feldman
Attorney's address:       6123 Grape Street
                         Houston, Texas 77074

Type of Service:
___ U.S. Mail, Certified Return Receipt Request No. _____
_X_ U. S. Mail, First Class.
___ Hand delivery by [name of delivery service]: _____
___ Facsimile transmission to _____[fax number] before 5:00 p.m.

_____
Frederic Scott Deaver (pro se)

VERIFICATION

STATE OF TEXAS

COUNTY OF HARRIS §

On this day, before me, the undersigned authority, personally appeared FREDERIC SCOTT DEAVER, and after being duly sworn, deposed as follows:

"My name is FREDERIC SCOTT DEAVER. I am over the age of 18, of sound mind, and in able condition to make this affidavit. I am the Defendant in the above-captioned cause of action. I have personal and first-hand knowledge of the facts stated herein.

"I have read the foregoing Motion for Recusal for Cause, in its entirety, and reviewed all attached exhibits. I certify the facts stated in the notice are true and correct to the best of my knowledge. I further certify the Exhibits attached to the notice are true and correct copies of the originals."

FURTHER AFFIANT SAYETH NOT,

Subscribed and sworn to before me on ___August 24, 2014___ by

_____.

EDMUNDO VALENTINO JOHNSON
Notary Public, State of Texas
My Commission Expires
September 13, 2015

_____
Signature of notary

___Edmundo  V  Johnson___
Notary's typed opr printed name

My commission expires:

___September  13, 2015___

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading or document has been served upon all attorneys of record and any parties who are not represented by an attorney on

_8/24/2014_.

Attorney for: Riddhi Desai (pro se)
Attorney's name: Riddhi Desai
Attorney's address: Arena Tower I
7322 S. W. Freeway, Suite 2020
Houston, Texas 77074

Type of Service:
___ U.S. Mail, Certified Return Receipt Request No. _____
_X_ U. S. Mail, First Class.
___ Hand delivery by [name of delivery service]: _____
___ Facsimile transmission to _____[fax number] before 5:00 p.m.

Attorney for: Shilpi Desai
Attorney's name: Riddhi Desai
Attorney's address: Arena Tower I
7322 S. W. Freeway, Suite 2020
Houston, Texas 77074

Type of Service:
___ U.S. Mail, Certified Return Receipt Request No. _____
_X_ U. S. Mail, First Class.
___ Hand delivery by [name of delivery service]: _____
___ Facsimile transmission to _____[fax number] before 5:00 p.m.

Attorney for: Sophia C. Deaver
Attorney's name: David R. Feldman
Attorney's address: 6123 Grape Street
Houston, Texas 77074

Type of Service:
___ U.S. Mail, Certified Return Receipt Request No. _____
_X_ U. S. Mail, First Class.
___ Hand delivery by [name of delivery service]: _____
___ Facsimile transmission to _____[fax number] before 5:00 p.m.

_____
Frederic Scott Deaver (pro se)

# CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains **12,424** words (excluding the caption, table of contents, table of authorities, signature, proof of service, certification, and certificate of compliance). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

F. Scott Deaver
Pro Se Litigant

# VERIFICATION

STATE OF TEXAS

COUNTY OF HARRIS §

On this day, before me, the undersigned authority, personally appeared FREDERIC SCOTT DEAVER, and after being duly sworn, deposed as follows:

"My name is FREDERIC SCOTT DEAVER. I am over the age of 18, of sound mind, and in able condition to make this affidavit. I am the Defendant in the above-captioned cause of action. I have personal and first-hand knowledge of the facts stated herein.

"I have read the foregoing Appellant's Response to Appellees' Motion for Rehearing, in its entirety, and reviewed all attached exhibits. I certify the facts stated in the notice are true and correct to the best of my knowledge. I further certify the Exhibits attached to the notice are true and correct copies of the originals."

FURTHER AFFIANT SAYETH NOT.

By his signature affixed below in the presence of the undersigned authority, affiant swears the statements contained in the foregoing document are within his personal knowledge and are true and correct.

_____
Frederic Scott Deaver

Subscribed and sword to before me on NOVEMBER 19, 2015 by

FREDERIC SCOTT DEAVER _____.

_____
Signature of officer

Michael D. Johnson
Notary's typed or printed name

MICHAEL DYLAN JOHNSON
Notary Public, State of Texas
My Commission Expires
May 08, 2017

My commission expires:

5/8/2017

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading or document has been served upon all attorneys of record and any parties who are not represented by an attorney on ___11/19/2015___ .

Attorney for:         Riddhi Desai (pro se)
Attorney's name:    Riddhi Desai
Attorney's address:  Arena Tower I
                        7322 S. W. Freeway, Suite 2020
                        Houston, Texas 77074
Type of Service:
____ U.S. Mail, Certified Return Receipt Request No. _____
__X_ U. S. Mail, First Class.
____ Hand delivery by [name of delivery service]: _____
____ Facsimile transmission to _____ [fax number] before 5:00 p.m.

Attorney for:         Shilpi Desai
Attorney's name:    Riddhi Desai
Attorney's address:  Arena Tower I
                        7322 S. W. Freeway, Suite 2020
                        Houston, Texas 77074
Type of Service:
____ U.S. Mail, Certified Return Receipt Request No. _____
__X_ U. S. Mail, First Class.
____ Hand delivery by [name of delivery service]: _____
____ Facsimile transmission to _____ [fax number] before 5:00 p.m.

Attorney for:         Sophia C. Deaver
Attorney's name:    David R. Feldman
Attorney's address:  6123 Grape Street
                        Houston, Texas 77074
Type of Service:
____ U.S. Mail, Certified Return Receipt Request No. _____
__X_ U. S. Mail, First Class.
____ Hand delivery by [name of delivery service]: _____
____ Facsimile transmission to _____ [fax number] before 5:00 p.m.

_____
Frederic Scott Deaver (pro se)